## ALLIANCE HAIL ASSOCIATION OF NORTH DAKOTA, a Corporation, Appellant, v. J. T. LYNCH, Respondent.

### (171 N. W. 859.)

**Appeal — petty cases.**

> 1. In this petty case there is no good reason for an appeal to the supreme court.

**Insurance, note given for insurance premium — effect of nondelivery of policy.**

> 2. In an action on a note for a hail insurance premium, findings of the trial court that the policy was never delivered are found to be sustained by the evidence.

Opinion filed March 5, 1919. Rehearing denied April 12, 1919.

Appeal from the District Court of McHenry County, Honorable *A. G. Burr,* Judge.

Affirmed.

*C. S. Buck,* for appellant.

The presumption is that the defendant did receive the policy, and after the lapse of nearly six years he cannot now be heard to deny it. 16 Cyc. 759.

The policy was not the insurance, but only an incident in connection with it.    19 Cyc. 594.

*D. J. O'Connell,* for respondent.

(Quoting from the memorandum opinion of the district court.)

The general rule is that no one becomes a member of a mutual hail insurance company unless he receives his policy.    There is no distinction between mutual hail and mutual fire insurance companies, and this is the rule in the latter.    Russell v. Mut. Fire Ins. Co. 45 N. W. 356.

ROBINSON, J.    This is a suit to recover from defendant on a promissory note for $60, and an assessment, $15.    As it appears, and as the trial court found, the note was given for an insurance policy that was never issued.    The note was made in June, 1911, due October 1, 1911,

and this action was commenced in September, 1917, as the note was about to outlaw. On the trial plaintiff was unable to produce in evidence either the original policy of insurance or a copy of the same. In lieu thereof it offered exhibit 5-a document purporting to be a copy of an insurance policy, made from the application, and not from the policy. Of course it was not evidence. Mr. Boise, secretary of the company, testified that the practice of the company was to mail a policy to the insured, but aside from the custom he did not know that the policy had been mailed to defendant; but the defendant testified positively that he had never received from the company any insurance policy.

Counsel for plaintiff seek to discredit his testimony because of the fact that he never notified the company that he had not received the policy. But with greater force we may ask the questions: Why did not the company bring suit on the note before it was about to outlaw? Why did they not sooner insist on payment? Why did they not mail the policy by registered mail? Why did they not put in evidence one or a half dozen carbon copies of letters in regard to payment within one, two, or three years after the note became due? On the whole, the findings of the trial court are well sustained by the preponderance of evidence. In such a case, as in every petty and dubious case, there is no good reason for appeal.

Judgment affirmed.

GRACE, J. I concur in the result.